PER CURIAM.
Appellant seeks review of the denial of a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm that portion of the lower court’s order denying, as successive, Appellant’s claim that his sentence was not legally enhanced. We also affirm without prejudice Appellant’s claim seeking relief pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), as he insufficiently *566 pled this claim. We vacate that portion of the order ruling on a gain time claim not raised in Appellant’s motion.
Appellant correctly asserts that the trial court failed to address his Hale claim that his sentences should be concurrent as the offenses occurred in a single episode. “Hale claims are cognizable in rule 3.800(a) motions if the claim can be established on the face of the record.” Pullins v. State, 777 So.2d 451 (Fla. 1st DCA 2001); Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). However, Appellant failed to allege where and how the record supports his claim that his consecutive habitual sentences were imposed for offenses occurring in a single criminal episode. See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998)(in order to raise illegal sentence claim under rule 3.800(a), appellant must affirmatively allege where and how the record demonstrates an entitlement to relief). Accordingly, although the trial court failed to address this claim, we affirm the summary denial of Appellant’s motion without prejudice to any right Appellant might have to file a facially sufficient Hale claim under rule 3.800(a).
In addition, that portion of the trial court’s order, stating that Appellant claimed he was not being awarded all the gain time he was entitled to, is vacated to the extent the order rules on this claim, as Appellant made no such claim in the instant motion. See Freeman v. Freeman, 447 So.2d 963 (Fla. 1st DCA 1984)(court’s jurisdiction can be exercised only within the scope of the pleadings).
AFFIRMED, in part; VACATED in part.
KAHN, VAN NORTWICK and LEWIS, JJ., CONCUR.